**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **JASON RYAN KERNS,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | **CAUSE NO. EP-24-CV-112-KC-MAT** |
| § | |
| **COMMISSIONER OF SOCIAL** § | |
| **SECURITY,** § | |
| § | |
| Defendant. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**

On this day, the Court considered Plaintiff Jason Ryan Kerns's Objection, ECF No. 18, to United States Magistrate Judge Miguel A. Torres's Report and Recommendation ("R&R"), ECF No. 17. For the following reasons, the Objection is **OVERRULED**, the R&R is **ADOPTED**, and the decision of the Commissioner of the Social Security Administration is **AFFIRMED**.

**I.   BACKGROUND**

Kerns appeals the Commissioner's final decision, denying his claim for disability insurance benefits. Compl. ¶¶ 1–2, ECF No. 1. Pursuant to Paragraph 2(c) of the Court's May 1, 2012, Standing Order, this case was referred to Judge Torres, who issued his R&R on July 18, 2025. Kerns timely objected. This Order assumes familiarity with the R&R, in which the background is described in much greater detail. *See Roberts v. Mgmt. & Training Corp.*, No. 19-cv-530, 2021 WL 707862, at *1 (S.D. Miss. Feb. 23, 2021) ("The Court . . . is not 'required to reiterate the findings and conclusions of the magistrate judge.'" (quoting *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993))).

II.    DISCUSSION

    A.    Standard

A district court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

The Court's review of a denial of social security benefits is highly deferential and limited to two main inquiries: (1) whether substantial evidence supports the Administrative Law Judge's ("ALJ's") decision, and (2) whether the ALJ applied the correct legal standards in evaluating the evidence. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). This evidence must be "more than a mere scintilla," but it can be "less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). The Court is not permitted to reweigh the evidence, try the issues de novo, or substitute its own judgment, even if the Court believes the evidence preponderates against the ALJ's findings. *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). A finding of no substantial evidence is warranted only if no credible evidence or medical findings support the denial of benefits. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (citing *Johnson*, 864 F.2d at 343–44). Finally, remand is appropriate only if the claimant shows that the ALJ's error was prejudicial. *Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773, at *3 (5th Cir. Jan. 18, 2023) (citing *Jones v. Astrue*, 691 F.3d 730, 734 (5th Cir. 2012)); *see also Hawkins v. Astrue*, No. 09-cv-2094, 2011 WL

1107205, at *7 (N.D. Tex. Mar. 25, 2011) ("Without proof of prejudice, there is no basis for a remand." (citing *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000))).

### B. Analysis

#### 1. Evaluation Process

The Social Security Act provides disability insurance benefits only to individuals who suffer from a qualifying physical or mental disability. *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citing 42 U.S.C. § 423). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, the Commissioner—here, through an ALJ—follows a five-step sequential evaluation, analyzing: (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any substantial gainful activity. 20 C.F.R. § 404.1520(a)(4); *see also Salmond*, 892 F.3d at 817 (citing *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

Between steps three and four, the ALJ assesses the claimant's residual functional capacity ("RFC"), which represents the most a claimant can still do despite their limitations. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1). The RFC determination must be based on "all of the relevant medical and other evidence" in the record. *Id.* § 404.1545(a)(3). The ALJ does not assign any specific evidentiary weight—including controlling weight—to any medical opinions or prior administrative findings. *Id.* § 404.1520c(a). Instead, the ALJ must assess how

persuasive those opinions and findings are, weigh them accordingly, and explain that assessment in the decision. *Id.* § 404.1520c(b). The ALJ considers multiple factors in making that determination, and no one factor is necessarily dispositive. *Id.* § 404.1520c(c). And, as explained, an RFC finding is supported by substantial evidence if a reasonable mind could accept the evidence as adequate to support the ALJ's conclusion. *See Greenspan*, 38 F.3d at 236.

### 2. Kerns's Objections to R&R

Kerns raises three distinct objections to the R&R, effectively challenging its entirety.[1] Obj. 1–5. First, he argues that Judge Torres erred in concluding that the ALJ's RFC determination properly accounted for limitations in concentrating, persisting, and maintaining pace. *Id.* at 1–3. Second, Kerns contends that Judge Torres erred in upholding the ALJ's evaluation of his subjective symptom testimony under Social Security Ruling ("SSR") 16-3p. *Id.* at 3–4. Third, he asserts that the ALJ's decision violated 20 C.F.R. § 404.1529(c)(4), and that Judge Torres erred in concluding otherwise. *Id.* at 4–5.

#### a. The ALJ properly included limitations in concentrating, persisting, and pace.

Kerns argues that the ALJ failed to incorporate into the RFC determination the limitations in concentration, persistence, and pace that the ALJ identified in "paragraph B" at step two of the sequential evaluation process. Obj. 1. The Commissioner responded—and Judge Torres agreed—that a step-two finding does not mandate inclusion of specific limitations in the RFC, and that the ALJ in this case did, in fact, account for Kerns's mental limitations. Def.'s Br. 5–8, ECF No. 15; R&R 7.

---

[1] To the extent Kerns does not object to specific portions of the R&R, the Court has reviewed them and finds that they are neither clearly erroneous, contrary to law, nor an abuse of discretion. *See United States v. Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989).

On de novo review, the Court rejects Kerns's argument for essentially the same reasons as Judge Torres. First, under SSR 96-8p, the ALJ is explicitly instructed that "[t]he limitations identified in the 'paragraph B' and 'paragraph C' criteria [at steps two and three] are not an RFC assessment." 1996 WL 374184, at *4 (July 2, 1996). Courts thus routinely reject arguments that the RFC must mechanically incorporate such findings. *See, e.g.*, *Benjamin S. v. O'Malley*, No. 23-cv-4768, 2025 WL 1485867, at *5 n.9 (S.D. Tex. Jan. 9, 2025) ("Again, Paragraph B assessments 'are not an RFC assessment.'" (citation omitted)); *Miller v. Kijakazi*, No. 22-cv-3905, 2024 WL 1075485, at *5 (S.D. Tex. Mar. 12, 2024); *Terry v. Comm'r, SSA*, No. 20-cv-618, 2023 WL 2586304, at *3 (E.D. Tex. Mar. 21, 2023). Here too, the ALJ was not required to incorporate these findings into her RFC determination.

Second, the ALJ did include accommodations for Kerns's mental limitations in the RFC. Specifically, the ALJ limited Kerns to "light work" involving only "simple, routine tasks." ALJ Decision 19–20, ECF No. 4-2. Courts have consistently held that such restrictions appropriately reflect moderate limitations in concentration, persistence, and pace. *See Sanchez v. Berryhill*, No. 3:17-cv-148-RFC, 2017 WL 4873716, at *4 (W.D. Tex. Oct. 27, 2017) ("[A]n RFC for 'simple, routine, and repetitive tasks' fairly incorporate[s] a moderate limitation in concentration, persistence, or pace." (citations omitted)); *see also Payne v. Kijakazi*, No. 22-cv-5643, 2023 WL 5082264, at *13 n.16 (W.D. La. July 24, 2023) (collecting cases), *adopted*, 2023 WL 5088942 (Aug. 8, 2023).

In short, the ALJ was not required to include step-two findings in the RFC, and her RFC determination appropriately accommodated Kerns's limitations. Accordingly, Kerns's first objection is overruled.

### b. The ALJ properly evaluated Kerns's subjective symptom testimony.

Kerns next objects to the ALJ's evaluation of his subjective symptom testimony. Obj. 3–4. He argues that the ALJ's "particular wording" suggests she rejected his testimony based on her personal impressions of his "truthfulness" and "integrity," which he contends violates SSR 16-3p's prohibition on character-based credibility assessments. *Id.* at 3. The Commissioner found that the ALJ properly applied the Agency's two-step framework under SSR 16-3p, and Judge Torres agreed. Def.'s Br. 10; R&R 9.

Under SSR 16-3p, when evaluating alleged physical or mental symptoms, an ALJ must first determine whether the claimant has a medically determinable impairment that could reasonably be expected to produce the alleged symptoms. 2017 WL 5180304, at *3 (Oct. 25, 2017). If so, the ALJ must then evaluate the intensity and persistence of those symptoms by considering a range of factors, including the claimant's statements, medical evidence, treatment history, daily activities, and other relevant information. *Id.* at *4; *see also* 20 C.F.R. § 416.929(c)(2),(3).

While the ALJ may not discount symptoms solely because they are unsupported by objective medical evidence, she may find a claimant's statements inconsistent with the overall record and weigh them accordingly. SSR 16-3p, at *4–6, 8. The ALJ is not "required to articulate expressly every regulatory factor or reason" underlying her decision. *Parker v. Comm'r of Soc. Sec.*, No. 21-cv-279, 2023 WL 5769347, at *3 (E.D. Tex. Aug. 15, 2023) (citing *Undheim v. Barnhart*, 214 F. App'x 448, 451 (5th Cir. 2007)), *adopted*, 2023 WL 5751432 (Sept. 6, 2023). A reviewing court defers to the ALJ's evaluation so long as it is supported by substantial evidence. *Id.* (citing *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990)); *Ponce v. Colvin*, No. 15-cv-81, 2016 WL 5817515, at *3 (N.D. Tex. Sept. 6, 2016).

Kerns does not dispute that the ALJ considered appropriate evidence in evaluating his symptom testimony. *See* Obj. 3–4. Nor could he. The ALJ cited his treatment records, examination findings, and daily activities, among other evidence, in support of her analysis. *See* ALJ Decision 25–26. Instead, Kern argues that the ALJ also improperly relied on her own personal impressions, in violation of SSR 16-3p. Obj. 4. He asserts that the regulation "does not authorize the ALJ to take his or her 'personal observations' of the claimant into account at all." *Id.*

But SSR 16-3p expressly permits the ALJ to consider her "personal observations of the individual" when evaluating the consistency of the claimant's statements. SSR 16-3p, at *7. And while the regulation cautions that this evaluation is "not an examination of an individual's character," *id.* at *2, Kerns's suggestion that the ALJ improperly relied on his credibility—or lack thereof—is not supported by the record. On the very page of the ALJ's Decision that Kerns cites in support of this argument, the ALJ never mentions "credibility" or offers any character assessment.[2] *See* ALJ Decision 25. Instead, she provided a detailed explanation of why she found Kerns's "statements about the intensity, persistence, and limiting effects of his symptoms" inconsistent with the medical and other evidence. *Id.*

Because the ALJ properly followed the SSR 16-3p framework and supported her findings with substantial evidence, this objection is overruled.

### c.    The ALJ's decision did not violate 20 C.F.R. § 404.1529(c)(4).

Finally, Kerns argues that the ALJ failed to "adequately explain[] the inconsistencies between the alleged intensity of [his] back impairments and the medical evidence of record," in violation of 20 C.F.R. § 404.1529(c)(4). Obj. 3–4. Judge Torres rejected that argument, finding

---

[2] Indeed, Kerns repeatedly places the word "credibility" in quotation marks, *see* Obj. 3–5, apparently to suggest that the ALJ used the term herself—but the ALJ never did. *See generally* ALJ Decision.

7

that the ALJ did "identif[y]" such inconsistencies by discussing Kerns's medical records and response to treatment. R&R 14.

Under § 404.1529(c)(4), an ALJ must "consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [the claimant's] statements and the rest of the evidence." As discussed, the ALJ did just that. She compared Kerns's subjective complaints—including those related to his back impairments—against the objective medical evidence and his treatment history. *See* ALJ Decision 25. And in doing so, the ALJ cited specific inconsistencies in the record. She noted, for example, that while Kerns "testified to debilitating pains," he was reported to be doing "well" after cervical spine surgery, that an ER visit showed "no motor deficit," that a consultive examiner observed a "normal gait," and that Kerns exhibited a "full range of motion to all joints including [his] spine." *Id.* As the ALJ stated, these findings directly undermined the intensity and persistence of the symptoms Kerns alleged. *See id.*

Accordingly, the ALJ complied with § 404.1529(c)(4) and adequately explained her evaluation of the evidence. This final objection is thus overruled, too. Having rejected all of Kerns's objections, the Court finds that the ALJ's decision was supported by substantial evidence and that she applied the correct legal standards in evaluating the evidence.

### III.   CONCLUSION

For the foregoing reasons, Kerns's Objection, ECF No. 18, is **OVERRULED** and Magistrate Judge Torres's R&R, ECF No. 17, is **ADOPTED** in full.

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED**.

The Clerk shall close the Case.

**SO ORDERED**.

SIGNED this 20th day of August, 2025.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE